IRVIN *vs.* THE REAL ESTATE BANK.

The allowance of fees for keeping property taken in execution or by attachment, is a
matter left to the discretion of the circuit court; and when the circuit judge, in making
such allowance, has all the facts before him, and the question involves no principle
of law, this Court cannot disturb his decision.

THIS was a proceeding had in the Circuit Court of Phillips county,
in November, 1842, before the Hon. JOHN C. P. TOLLESON, one of
the circuit judges.   The Real Estate Bank had sued out a writ of
attachment against Isaac Mitchell, by virtue of which a negro woman
was attached, and remained in the possession of Irvin, as sheriff of the
county, until final judgment against Mitchell, and sale under exe-
cution.

Irvin then presented a bill of costs, in which was included a charge
of $322 50, for board, and $15 for clothing of the negro.    The Bank
moved that the costs should be re-taxed, which was done, after evi-
dence heard, and the charge for board and clothing reduced to
$83 25.    A charge for advertising was also reduced from three dol-
lars to seventy-five cents.    A motion was made by Irvin for re-con-
sideration of the decision re-taxing the costs, which was overruled;
upon which, he filed a bill of exceptions to the decision refusing a re-
consideration, which sets out the evidence.

The negro was attached on the 13th of February, A. D. 1841,
and remained in Irvin's possession until Nov. 21, 1842.   He charged
for her board 50 cents per day.   The evidence proved that he kept
her at her own house, where she sometimes worked.   Some of the
witnesses thought that her services were worth her food and clothing.
One said that her services would be worth 6 or 8 dollars a month,
her board 75 cents a week, and her clothing $24 or $25 a year.
Another said, that, to board such a negro, was worth $100 or $125 a
year—as much as a white person's; that her hire ought to have been
worth 6 or 8 dollars a month, but her services were worth nothing to

Irvin, as far as he could judge, from seeing her there, which he did, frequently. Irvin sued a writ of error.

*Ashley & Watkins*, for plaintiff in error.

*Pike & Baldwin*, contra. This is certainly not a matter in which a writ of error will lie. Though the statute provides that a writ of error, upon any final judgment or decision of a circuit court, shall issue, of course, the provision cannot include such a case as the present.

This Court cannot review questions purely of fact. The sole question here was, upon the evidence, whether the amount allowed by the Court was *reasonable*. The statute provides that sheriffs shall be allowed, for the safe-keeping, removing, and supporting live stock, *and other property seized under legal process*, such fees as the court, out of which the process issues, shall deem *reasonable*. *Rev. St.* 394. The costs were re-taxed under the provisions of the statute. *Rev. St.* 205.

The final decision of the court below is clearly conclusive, in this case, especially considering, that the writ of error is sued out to the decision refusing to grant a re-consideration, a motion which was clearly addressed to the discretion of the court. *The People vs. Justices, &c.,* 20 *Wend.* 663.

A writ of error will lie only on a final judgment, or on an award in the nature of a judgment, given in a court of record, acting according to the course of the common law. *In the matter of Negus,* 10 *Wend.* 34.

A decision upon a *collateral* or *interlocutory* point, has never been the foundation of a writ of error. *Brooks vs. Hunt,* 17 *J. R.* 484.

Decisions made on summary applications, can never be thrown into the shape of a record, and become the subject matter of review in any other court. *Simon vs. Hart,* 14 *J. R.* 76.

Where no rule is prescribed by law for the taxation of costs, although the statute authorizes them to be taxed, in a certain case, such taxation is a matter of discretion, and not the subject of error. *Dutton vs. Tracy,* 4 *Conn.* 80. See *Renninger vs. Thompson,* 6 *Serg. & R.* 1. *Ordroneaux vs. Prady, id.* 510. *Aymer vs. Thomas,* 7 *ib.* 180.

---

Irvin *vs.* The Real Estate Bank.

---

No writ of error lies on a decision upon an application to open a judgment. *Kalback vs. Fisher*, 1 *Rawle*, 323.

It is unnecessary to refer to the books to show that matters, resting in the discretion of the court below, cannot be assigned for error.

If these reasons are not sufficient to dismiss the writ of error, they are clearly sufficient to affirm the judgment.

Moreover, the court clearly allowed all that was reasonable, and a great deal more. The hire of the negro ought to have been made by the sheriff, to pay for her food and clothing, at least. By the levy she became his property. It was his business to have her put to work; and as he did work her, at times, he became responsible for a fair hire. If injustice has been done to any one, it is not to the sheriff, but to the plaintiff and defendant in the case.

*By the Court*, PASCHAL J. As the statute, in such cases, gives to the Circuit Court full authority to tax such amount of costs as they may deem reasonable; and the circuit judge, having all the facts before him, and the question not involving any principle of law, we are not at liberty to disturb the decision of the circuit judge. *R. S., Ch. LXI.*, *sec.* 8, *p.* 394.

To our mind, the facts show that a very liberal allowance was made the sheriff, and he certainly has no cause to complain. The amount allowed for advertising goods or lands for sale by a sheriff, is fixed at seventy-five cents. *Ib.*, *sec.* 7. The manner of advertising is fixed by the *Revised Statutes*, title, " *Execution*," and the amendment thereof found in the Acts of 1840. The judgment of the Circuit Court is, therefore, affirmed, with costs.